UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

STEVEN M. FITTEN,

              Plaintiff,

    vs.

RYAN D. MCCARTHY, In his
official capacity as Secretary,
DEPARTMENT OF THE ARMY,

              Defendant.

CIV. NO. 19-00520 LEK-WRP

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
PARTIAL MOTION TO DISMISS SOUTH KOREA NON-SELECTION CLAIMS,
OR IN THE ALTERNATIVE, TO TRANSFER SOUTH KOREA
<u>NON-SELECTION CLAIMS TO THE EASTERN DISTRICT OF VIRGINIA</u>**

On February 3, 2020, Defendant Ryan D. McCarthy, in

his official capacity as Secretary, Department of the Army

("Defendant"), filed his Partial Motion to Dismiss South Korea

Non-Selection Claims, or in the Alternative, to Transfer South

Korea Non-Selection Claims to the Eastern District of Virginia

("Motion"). [Dkt. no. 10.[1]] Pro se Plaintiff Steven M. Fitten

("Plaintiff") filed his memorandum in opposition on March 13,

2020, and Defendant filed his reply on March 17, 2020. [Dkt.

nos. 16, 17.] On March 18, 2020, Plaintiff filed a response to

Defendant's reply ("Surreply"). [Dkt. no. 18.] The Court finds

_____

[1] Defendant filed an errata to the Motion ("Errata") on
February 5, 2020. [Dkt. no. 12.]

this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  For the reasons set forth below, Defendant's Motion is hereby granted in part, insofar as Plaintiff's claims arising from his non-selection for the position in South Korea are transferred to the United States District Court for the Eastern District of Virginia.  Defendant's request for dismissal based on improper venue is denied.

## BACKGROUND

Plaintiff filed his Complaint for Employment Discrimination ("Complaint") on September 26, 2019. [Dkt. no. 1.]  Plaintiff is male of "African, Hispanic and Native American ancestry," who was sixty-seven years old when he filed the Complaint.  [Id. at ¶ 5.]  He is an attorney with extensive active duty, reserve, and National Guard service in the United States armed services.  In addition, he had approximately thirty years of federal civilian service until his retirement in March 2013.  [Id.]  Since he retired, "Plaintiff has maintained his proficiency in the federal acquisition field" through teaching, *pro bono* law practice, and continuing legal education.  [Id. at ¶ 6.]

The claims in this case arise from Plaintiff's non-selection after he submitted employment applications for

2

different positions from December 29, 2016 to April 12, 2018. [Id. at ¶ 7.]  Most relevant to the instant Motion are two applications that Plaintiff submitted in response to vacancy announcements for an Installation Management Command – Pacific ("IMCOM") contract specialist position, NH-1102-III, located in Taegu, South Korea ("South Korea Position").  Plaintiff was not selected for an interview for the South Korea Position after either of his applications.  [Id.]  Plaintiff also responded to two vacancy announcements for a position located at the Kwajalein Atoll ("Kwajalein Position"), and he applied for a position located at Fort Shafter, in Hawai`i ("Shafter Position").  [Id. at ¶¶ 7, 12, 14.]

Plaintiff states that, since 2012, he "has applied for at least 16 vacancies with the 411 Contracting Support Brigade (CSB), formerly known as the U.S. Army Contracting Command Korea (USACCK), without being interviewed or selected."  [Id. at ¶ 16.]  Further, according to Plaintiff, in three of those sixteen applications, Plaintiff had to file an administrative complaint in order for his application to be referred for consideration.  [Id.]  Plaintiff initially applied for the South Korea Position in response to vacancy announcement number 1880239, but he "was given a non-referral/non-selection notice on 23 January 2017."  [Id. at pg. 8 & pg. 9, ¶ 17.]  After a hiring freeze from approximately January 23, 2017 to May 2,

3

2017, the South Korea Position was re-advertised in vacancy announcement number 100210674.  Plaintiff applied again, but his application was not referred for consideration.  [Id. at ¶¶ 18-19.]

On January 23, 2017, Plaintiff filed a complaint regarding his non-selection for the South Korea Position with the Equal Employment Opportunity ("EEO") Office in the Army's headquarters in Yongsan, South Korea ("2017 South Korea EEO Complaint").  [Id. at ¶¶ 7, 15.]  A hearing was ultimately held, a final agency decision was issued ("South Korea EEO Decision"), and it was served on Plaintiff.  [Id. at ¶ 7 (citing Complaint, Attachment 3).[2]]  In the South Korea EEO Decision, the Army rejected Plaintiff's claims that he was not selected for the South Korea Position because of discrimination based on his race and age and because of retaliation for his "prior EEO activity." [Complaint, Attachment 3 at 1.]  The decision discusses the

---

[2] Specifically, the South Korea EEO Decision is the Army's Final Decision letter to Plaintiff, dated June 14, 2019, signed by Spurgeon A. Moore, Acting Deputy Assistant Secretary of the Army (Equity and Inclusion).  [Complaint, Attachment 3.]  The South Korea EEO Decision addresses the EEO complaint that Plaintiff filed on April 12, 2018 with the Army's EEO office in Daegu, South Korea ("2018 South Korea EEO Complaint"). [Complaint, Attachment 3 at 1.]  It is unclear what happened to Plaintiff's 2017 South Korea EEO Complaint.  It may have been superseded by the 2018 South Korea EEO because a selection for the South Korea Position was not made until the second vacancy announcement.

applicant who was ultimately selected for the South Korea Position, Daniel Shin,[3] and compares Plaintiff's application review scores to both Mr. Shin's scores and the other interviewees' scores.  [Id. at 4-5.]  The decision also compares Plaintiff's experience with Mr. Shin's.  [Id. at 5-6.]  Plaintiff's arguments why he was more qualified than Mr. Shin, and Plaintiff's arguments that he was not selected because of his race, age, and protected activity, were considered and rejected.[4]  [Id. at 7-11.]

In his Complaint in the present case, Plaintiff alleges the following claims, although he does not specify which claims apply to which non-selection: employment discrimination based on his race, in violation of Title VII of the 1964 Civil Rights Act, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.* ("Count I"); discrimination based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

---

[3] Fidel Macan, the Director of the Korea Contracting Center, and Daniel Cottrell, the Principal Deputy, sent a memorandum dated August 18, 2017 to the Commander of the 411th CSB, requesting concurrence with and approval of the selection of Mr. Shin.  [Complaint, Attachment 3 at 4.]  Mr. Macan considered himself the selecting official for the South Korea Position.  [Id. at 7.]

[4] Plaintiff also filed EEO complaints regarding his non-selection for the Kwajalein Position ("Kwajalein EEO Complaint") and his non-selection for the Shafter Position ("Shafter EEO Complaint").  [Complaint at ¶ 7.]  He received a final decision for each EEO complaint ("Kwajalein EEO Decision" and "Shafter EEO Decision").  [Id., Attachment 1 (Shafter EEO Decision), Attachment 2 (Kwajalein EEO Decision).]

§ 621, *et seq.* ("Count II"); retaliation for his protected activities, in violation of Title VII, the ADEA, and Section 501 of the Rehabilitation Act of 1973, as amended ("Rehab Act"), 29 U.S.C. §§ 701 to 791 ("Count III"); and discrimination because of his disability, in violation of the Rehab Act and the Americans with Disabilities Act of 2008 ("ADA"), 28 U.S.C. § 12101 ("Count IV").  The relief Plaintiff seeks includes, *inter alia*, an order "direct[ing] Defendant to immediately hire Plaintiff" and an award of back pay.  [Complaint at pg. 12.]

In the instant Motion, Defendant argues that, for all of Plaintiff's claims that are based on his non-selection for the South Korea Position ("South Korea Claims"), venue is not proper in the District of Hawai`i because: the position was based in South Korea and the alleged discrimination occurred there; the EEO records related to the South Korea Position are located in South Korea; and the Department of the Army's principal place of business is in Arlington, Virginia. Defendant seeks dismissal of the South Korea Claims or, in the alternative, transfer of those claims to the United States District Court for the Eastern District of Virginia.

**STANDARD**

Defendant brings the instant Motion pursuant to Fed. R. Civ. P. 12(b)(3), which allows a party to bring a motion to dismiss for improper venue.  [Motion at 2.]  In considering a

Rule 12(b)(3) motion, "the court need not accept the allegations in the complaint as true, and may consider facts outside the pleadings." Greys Ave. Partners, LLC v. Theyers, CIVIL NO. 19-00079 JAO-KJM, 2020 WL 50418, at *7 (D. Hawai`i Jan. 3, 2020) (citing Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1137 (9th Cir. 2004)).  "After a defendant challenges venue, it is the plaintiff's burden to show venue is proper." Id. (citing Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979)).

"Venue in federal courts is governed by statute." Spagnolo v. Clark Cty., CIVIL NO. 15-00093 DKW-BMK, 2015 WL 7566672, at *2 (D. Hawai`i Nov. 24, 2015) (citing Leroy v. Great Western United Corp., 443 U.S. 173, 181 (1979)).[5]  The general venue statute, 28 U.S.C. § 1391, does not apply to Title VII claims because "Title VII includes its own mandatory venue statute, which 'seeks to limit venue to the judicial district concerned with the alleged discrimination.'"  Kim v. McHugh, Civ. No. 13-00616 JMS-KSC, 2014 WL 1580614, at *2 (D. Hawai`i Apr. 18, 2014) (internal quotation marks and some citations omitted) (quoting Passantino v. Johnson & Johnson Consumer

---

[5] Leroy addressed an older version of 28 U.S.C. § 1391(b). See 443 U.S. at 179.

Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000)).  The Title VII
venue statute states:

> an action may be brought in any judicial district
> in the State in which the unlawful employment
> practice is alleged to have been committed, in
> the judicial district in which the employment
> records relevant to such practice are maintained
> and administered, or in the judicial district in
> which the aggrieved person would have worked but
> for the alleged unlawful employment practice, but
> if the respondent is not found within any such
> district, such an action may be brought within
> the judicial district in which the respondent has
> his principal office.  For purposes of
> sections 1404 and 1406 of Title 28, the judicial
> district in which the respondent has his
> principal office shall in all cases be considered
> a district in which the action might have been
> brought.

42 U.S.C. § 2000e-5(f)(3).

If a district court determines that a case has been
filed in an improper venue, the district court should either
"dismiss, or if it be in the interest of justice, transfer such
case to any district or division in which it could have been
brought."  28 U.S.C. § 1406(a).  "A court should examine a
plaintiff's claim to determine whether the interests of justice
require transfer instead of dismissal."  Rosiere v. United
States, CIVIL NO. 16-00260 HG-RLP, 2016 WL 3408848, at *2
(D. Hawai`i June 1, 2016) (citing King v. Russell, 963 F.2d
1301, 1305 (9th Cir. 1992)), *report and recommendation adopted
as modified on other grounds*, 2016 WL 3440566 (June 20, 2016).

## DISCUSSION

### I.   Plaintiff's Surreply

Local Rule 7.2 states that, other than a memorandum in opposition to a motion and the reply in support of a motion, "[n]o further or supplemental briefing shall be submitted without leave of court."  In addition, the parties in this case were specifically informed:

> The deadline for Plaintiff's memorandum in opposition will remain **March 13,2020**, and the deadline for Defendant's optional reply will remain **March 20, 2020**.  The Motion will be taken under advisement thereafter.  <u>Other than the memorandum in opposition and the optional reply, no party may file any other document regarding the Motion, unless the party obtains the permission from this Court to do so.</u>

[Minute Order, filed 2/14/20 (dkt. no. 15), at 1 (bold emphases in original, underline emphasis added).]  Plaintiff, however, did not obtain permission from this Court before filing his Surreply.[6]

Although Plaintiff is proceeding pro se, he is expected to follow the applicable court rules, including the Local Rules, and the orders issued in this case.  See <u>Barnett v. Duffey</u>, 621 F. App'x 496, 497 (9th Cir. 2015) ("[I]t is well established that '[p]ro se litigants must follow the same rules

---

[6] The Surreply could also be considered an amended version of Plaintiff's memorandum in opposition.  However, Plaintiff would still have been required to seek this Court's permission before filing the document.

of procedure that govern other litigants.'" (second alteration
in Barnett) (quoting King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
1987), *overruled on other grounds by* Lacey v. Maricopa Cty., 693
F.3d 896 (9th Cir. 2012) (en banc))).  In light of Plaintiff's
pro se status, this Court will consider the Surreply in ruling
on Defendant's Motion.  However, Plaintiff is CAUTIONED that the
future filing of documents like the Surreply without obtaining
permission from this Court – or the magistrate judge if the
motion at issue is pending before him - may result in sanctions,
including, but not limited to, the striking of the document.
The Court now turns to the merits of Defendant's Motion.

## II.  <u>Whether Venue is Proper in this District</u>

    A Title VII action may be brought "in any judicial
district where (1) 'the unlawful employment practice is alleged
to have been committed,' (2) 'the employment records relevant to
such practice are maintained and administered,' or (3) 'the
aggrieved person would have worked but for the alleged unlawful
employment practice.'"  <u>Kim</u>, 2014 WL 1580614, at *2 (quoting 42
U.S.C. § 2000e-5(f)(3)).  Plaintiff also urges this Court to
consider the general venue statute, § 1391, which he argues is
applicable to his ADEA claims regarding the South Korea
Position.  <u>See, e.g.</u>, Mem. in Opp. at 3.  Plaintiff's § 1391
argument is rejected because the Title VII venue provision is
mandatory, <u>see Kim</u>, 2014 WL 1580614, at *2, and the provision

10

applies even when other claims are asserted together with a
Title VII claim.  See, e.g., Tamashiro v. Harvey, 487 F. Supp.
2d 1162 (D. Hawai`i 2006) (applying § 2000e-5(f)(3) in a case
presenting claims under both Title VII and the ADEA).  It is
therefore unnecessary to address whether venue would be
appropriate under § 1391, and only the venue prongs identified
in § 2000e-5(f)(3) will be considered in this Order.

### A.    Where Plaintiff Would Have Worked

It is undisputed that, if Plaintiff had been selected
for the South Korea Position, the job would have been performed
in South Korea.  See Complaint at ¶ 7; Motion, Decl. of Kyong Mi
Pak ("Pak Decl.") at ¶ 5;[7] Mem. in Opp. at 7 (stating the South
Korea Position "is physically located at Taegu, S. Korea").
Thus, the District of Hawai`i is not "the judicial district in
which the aggrieved person would have worked but for the alleged
unlawful employment practice."  See § 2000e-5(f)(3).

---

[7] Kyong Mi Pak is a human resources ("HR") specialist with
the Civilian Personnel Advisory Center ("CPAC"), which provides
services to the Army's 411th CSB.  [Pak Decl. at ¶ 1.]  The 411th
CSB is based in Korea, as is Kyong Mi Pak's office.  [Id. at
¶¶ 1, 3.]  Kyong Mi Pak provided HR support to the 411th CSB
during the period when Plaintiff's application for the South
Korea Position was pending, and, in that capacity, Kyong Mi Pak
is familiar with the employment records for the recruiting
process for the South Korea Position.  [Id. at ¶ 2.]

B.   **Where the Unlawful Practice Allegedly Occurred**

Defendant has submitted evidence that the factual basis for Plaintiff's South Korea EEO Complaint and his South Korea Claims in the instant case occurred in Korea, and did not occur in Hawai`i.  See Errata, Decl. of Peter J. Flanagan ("Flanagan Decl.") at ¶ 5.[8]  Plaintiff himself does not appear to contest that the events which gave rise to the South Korea Claims occurred in South Korea.  See Mem. in Opp. at 10 ("employment discrimination claims that initially occurred arose in S. Korea").[9]  Further, according to the South Korea EEO Decision, the panel that screened the resumes of the applicants for the South Korea Position consisted of "Mr. Anthony Dunaway, Deputy [Regional Contract Office ("RCO")] Chief, RCO Daegu; Major (MAJ) Won Chung, RCO Chief, RCO Daegu; and Ms. Kimberly Newman, Contracting Officer, Team Leader, 411th CSB." [Complaint, Attachment 3 at 4.]  Plaintiff was not selected for

---

[8] Peter Flanagan is the EEO Manager in the Army's EEO office in Daegu, Korea.  [Id. at ¶ 1.]  In that capacity, he administers the EEO program for civilians with the 411th CSB, including the EEO complaint process.  He is therefore familiar with the processing of Plaintiff's 2018 South Korea EEO Complaint.  [Id. at ¶ 2.]

[9] Plaintiff's position appears to be that, because the administration and litigation of his South Korea EEO Complaint occurred in Hawai`i, the District of Hawai`i is the appropriate venue for his claims.  That argument will be addressed below, in the context of the location of the records relevant to the allegedly unlawful employment practice.

an interview, [Complaint at ¶ 7,] but the panel that conducted the interviews was "Mr. Dunaway; Mr. Michael Jones, Contracting Officer, 411th CSB; and Ms. Nan Space, Compliance and Policy Branch, PARC Staff, 411th CSB."  As previously stated, the 411th CSB is located in Korea.  Thus, the consideration and rejection of Plaintiff's application for the South Korea Position occurred in Korea.  There is no evidence that the allegedly discriminatory decisions were made in Hawai`i.

However, this prong of § 2000e-5(f)(3) also looks at where the effects of the allegedly unlawful employment decision were felt.  Tamashiro, 487 F. Supp. 2d at 1166 (quoting Passantino, 212 F.3d at 506).  In Tamashiro, the district court concluded that the District of Hawai`i was a proper venue because the Plaintiff felt the effects of the allegedly unlawful employment decision - the denial of a promotion - in Hawai`i, where she was working during the selection process for the position to which she sought to be promoted.  Id. at 1163-64, 1167.  It does not appear that Plaintiff was living or working in Hawai`i at the time of his non-selection for the South Korea Position.  The Complaint does not allege Plaintiff was living or working Hawai`i at that time.  Plaintiff's address of record from the time he filed his Complaint to the present has been an El Paso, Texas address.  See, e.g., Complaint at pg. 1; Surreply at 11.  Further, the South Korea EEO Decision states Plaintiff's

13

"resume shows that he has served as an Adjunct Professor for 8 hours per week at Webster University, Fort Bliss, Texas, from October 2011 to April 2017." [Complaint, Attachment 3 at 5.] Neither of Plaintiff's filings in response to Defendant's Motion presents evidence that Plaintiff was living or working in Hawai`i at the time of his non-selection for the South Korea Position. Thus, Plaintiff has not carried his burden to show that he felt the effects of the alleged discrimination in Hawai`i. See Greys Ave., 2020 WL 50418, at *7.

This Court therefore concludes that the District of Hawai`i is not the judicial district "in which the unlawful employment practice is alleged to have been committed." See § 2000e-5(f)(3).

### C.   Location of the Relevant Employment Records

The strongest of Plaintiff's arguments in opposition to the Motion focuses upon the location of the relevant records. Defendant has submitted evidence that "[t]he announcement, position description, personnel action requests, referral list, and on-boarding documents for the [South Korea Position] are maintained and administered by the Area IV CPAC Office in Korea." [Pak Decl. at ¶ 6.] Defendant has also submitted evidence that the records which form the basis for the 2018 South Korea EEO Complaint "are maintained and administered by

the U.S. Army Garrison Daegu & Area IV EEO Office in Korea."
[Flanagan Decl. at ¶ 6.]

Plaintiff responds that the 411th CSB, the CPAC, and
the relevant EEO office all "are 8th U.S. Army Tenant
Organizations functioning under the auspices of the Installation
Management Command Pacific (IMCOM) and U.S. Army Pacific
USARPAC) [sic], all having headquarters and over-arching
responsibilities for S. Korea tenant unit activities, located at
Ft Shatter, HI." [Mem. in Opp. at 2 (footnotes omitted).]  He
therefore asserts the employment records relevant to the South
Korea Claims are located in Hawai`i with IMCOM and USARPAC.
[Id. at 3.]  However, the only evidence that Plaintiff cites in
support of this position are general statements on the Army's
website about the Army's organizational structure in the Asia-
Pacific region.  See id. at 2-3 nn.1-3 (citing
https://www.usarpac.army.mil/about.asp; home.army.mil/daegu;
https://www.usarpac.army.mil/subordinate commands.asp).
Plaintiff's evidence is insufficient to rebut the specific
evidence presented by Defendant.  Accord Kim, 2014 WL 1580614,
at *2 (concluding that the plaintiff's arguments that the
relevant employment records were maintained and administered in
Hawai`i "fail[ed] to rebut" the defendant's declarations
regarding the locations of the employment records); id. ("the
fact that the [United States Army, Pacific] **headquarters** are

15

located in Hawaii does not establish that Plaintiff's **employment records** are located in Hawaii" (emphases in Kim)).

Plaintiff also argues the location of records relevant to the South Korea EEO Complaint should be considered because the EEO complaint was processed at Fort Shafter, in Hawai`i.  He asserts the Army "deferred and assigned the case to the USARPAC Office of the Staff Judge Advocate (OSJA) at Ft Shaffer," and all of Plaintiff's EEO complaints "were consolidated for investigation processing and a hearing."  [Mem. in Opp. at 7-8.]  However,

> courts have "firmly rejected the argument that
> the location where Plaintiff's EEO complaints
> were initiated and processed provides a basis for
> venue under prong 2 of § 2000e5(f)(3)."  Ellis-
> Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 176-
> 77 (D.D.C. 2011) (collecting cases).  This
> reasoning is sound - any records in Hawaii are
> for the administrative processing of Plaintiff's
> claims and are not "employment records" as
> contemplated by § 2000e-5(f)(3).  See also
> Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90-91
> (D.D.C. 2002) ("While it may be true that records
> relating to plaintiff's unlawful employment
> practice complaint and the investigation thereof
> are maintained in the District of Columbia, such
> records are not 'employment records' within the
> meaning of the statute."); Lee v. England, 2004
> WL 764441, at *1 (D.D.C. Mar. 9, 2004)
> ("Plaintiff's assertion that the 'administrative
> processing' of his case has been through the
> Human Resources Office at the Washington Navy
> Yard seeks to sidestep the language of the
> statute, which deals not with administrative
> processing of the litigation but with the
> maintenance and administration of employment
> records relevant to the challenged employment
> practice.").

Kim, 2014 WL 1580614, at *3.  This Court agrees with the
analysis in Kim and, for the same reasons, rejects Plaintiff's
argument that the relevant employment records in this case are
located in the District of Hawai`i because part of the
processing of the South Korea EEO Complaint occurred in Hawai`i.

Plaintiff has therefore failed to carry his burden to
prove that the District of Hawai`i is "the judicial district in
which the employment records relevant to such practice are
maintained and administered."  See § 2000e-5(f)(3).

### D.   Location of Defendant's Principal Office

Hawai`i is not the judicial district where either the
alleged discrimination against Plaintiff occurred, the relevant
records are maintained and administered, or the position
Plaintiff applied for would have been performed.  This district
court has stated that, "[i]f the defendant is not found within
any of these districts, a plaintiff is provided a fourth option,
and may bring the action 'within the judicial district in which
the respondent has his principal office.'"  Kim, 2014 WL
1580614, at *2 (quoting § 2000e-5(f)(3)).  Thus, Hawai`i could
still be a proper venue if Defendant's principal office is in
Hawai`i, and Defendant is not found in any of the districts
described in the three prongs of § 2000e-5(f)(3).

It is unnecessary to determine whether Defendant can be found in the districts described in the three prongs of § 2000e-5(f)(3) because Plaintiff has not presented any evidence that Defendant's principal office is in the District of Hawai`i. Defendant is being sued in his capacity as "the Acting Secretary of the Army, responsible for the administration of the Department of the Army (DA) as the official federal agency head." [Complaint at ¶ 3.]  Defendant has presented evidence that "[t]he principal place of business of the U.S. Army is at the Pentagon, located in Arlington, Virginia." See Pak Decl. at ¶ 4; see also Kim, 2014 WL 1580614, at *3 ("the U.S. Army's principal place of business, the Pentagon, is located in the Eastern District of Virginia").  Plaintiff has not presented any evidence to contract this.

The Court therefore concludes that the District of Hawai`i is not a proper venue for Plaintiff's Title VII claims - and his other claims - arising from his non-selection for the South Korea Position.

## III. <u>Whether Dismissal or Transfer is Appropriate</u>

Having determined that venue in the District of Hawai`i is improper, the Court must determine whether the South Korea Claims should be dismissed or transferred.  In analyzing whether the interests of justice warrant dismissal or transfer, courts in this district consider circumstances such as:

-whether the claim would be time-barred if the plaintiff were required to refile it in another venue; see, e.g., Emrit v. Universal Music Grp., Civil No. 19-00670 HG-KJM, 2019 WL 7759129, at *2 (D. Hawai`i Dec. 18, 2019), *report and recommendation adopted*, 2020 WL 465018 (Jan. 28, 2020);[10]

-whether the plaintiff has filed similar actions in other district courts; see, e.g., Downey v. United States, CIV. NO. 19-00406 LEK-WRP, 2019 WL 4143288, at *6 (D. Hawai`i Aug. 30, 2019); and

-whether the plaintiff's claim is frivolous, see, e.g., Turner v. Newsom, CIV. NO. 19-00338 DKW-KJM, 2019 WL 2871138, at *2 (D. Hawai`i July 3, 2019), *certificate of appealability denied*, No. 19-16525, 2019 WL 7835300 (9th Cir. Sept. 30, 2019).

In the instant case, this Court cannot conclude at this stage that the South Korea Claims are frivolous, nor does it appear that Plaintiff has filed similar actions in other district courts. Moreover, it appears that the South Korea Claims would be time-barred if it they were dismissed. See § 2000e-5(f)(1) (stating that, if a Title VII administrative charge is dismissed, "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved"). The Court therefore concludes that the interests of justice weigh against dismissal of the South Korea Claims. Defendant's Motion is denied as to Defendant's request for dismissal based on improper venue.

---

[10] Emrit's appeal is currently pending before the Ninth Circuit.

Plaintiff argues that, before transferring the South Korea claims, this Court should grant him leave to amend his Complaint to assert "additional venue authority." [Surreply at 11.]  A dismissal for improper venue must be without prejudice. See, e.g., Greys Ave., 2020 WL 50418, at *7 (citing In re Hall, Bayoutree Assocs., 939 F.2d 802, 804 (9th Cir. 1991) (dismissal must be without prejudice)).  However, this Court is not aware of any legal authority requiring a court to allow a plaintiff the opportunity to amend his complaint to try to avoid a transfer for improper venue.

Defendant's Motion is therefore granted, insofar as the South Korea Claims are transferred to the United States District Court for the Eastern District of Virginia.

## CONCLUSION

On the basis of the foregoing, Defendant's Partial Motion to Dismiss South Korea Non-Selection Claims, or in the Alternative, to Transfer South Korea Non-Selection Claims to the Eastern District of Virginia, filed February 3, 2020, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is DENIED as to Defendant's request to dismiss the South Korea Claims based on improper venue.  The Motion is GRANTED insofar as the South Korea Claims are HEREBY TRANSFERRED to the United States District Court for the Eastern District of Virginia. Plaintiff's other claims are not affected by this Order, and

20

those claims remain pending in this action in the District of Hawai`i.

The Clerk's Office is DIRECTED to effectuate the transfer unless Plaintiff files a motion for reconsideration on or before the required deadline.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 26, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**STEVEN M. FITTEN VS. RYAN D. MCCARTHY, ETC.; CV 19-00520 LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEENDANT'S PARTIAL MOTION TO DISMISS SOURTH KOREA NON-SELECTION CLAIMS, OR IN THE ALTERNATIVE, TO TRANSFER SOUTH KOREA NON-SELECTION CLAIMS TO THE EASTERN DISTRICT OF VIRGINIA**